PITMAN, J.
|,The State of Louisiana, Department of Children and Family Services (“DCFS”), *733 appeals the judgment of the trial court vacating the interim order of child support against Defendant Domonick L. Price because Defendant, the acknowledged father of the child, was not the person who signed the in-hospital acknowledgment, therefore leaving his paternity of the minor child, DZP,[1] in question. DCFS further appeals the trial court’s dismissal' of the suit, arguing it failed to order Defendant to undergo DNA testing at his own expense, and failed to order him to file an action to establish his paternity. For the following reasons, we affirm in part and remand for further proceedings.

FACTS

On December 12, 2009, CH gave birth to a son, DZP, at LSU/ EACMC in Monroe, Louisiana. An in-hospital acknowledgment of paternity was allegedly signed by Defendant. This acknowledgment was notarized before two witnesses and resulted in a birth certificate being issued with Defendant named as the father of DZP.
DCFS instituted child support proceedings against Defendant, and a hearing was scheduled for. October 18, 2013. Defendant failed to appear, and an interim order of child support was set at $229 per month, plus a five percent administrative fee. An immediate income assignment was issued ordering both parties to provide medical support. All of these orders were to be effective on August 21, 2013. A bench warrant was issued for Defendant’s failure to appear.
laA hearing was set before Hearing Officer Lisa Trammell Sullivan to review the interim ordér. At the hearing, both CH and Defendant testified that Defendant did not sign the acknowledgment at the hospital because he was incarcerated at the time it was signed. A person to whom he had given his driver’s license was the person who signed the document in his stead. Based on the testimony of the parties, Hearing Officer Sullivan ordered that the interim order of child support be vacated and that the acknowledgment be deemed a forgery and absolutely null.
DCFS objected to this ruling; and, on June 10, 2014, a hearing was held before Judge Stephens Winters. DCFS, CH, Defendant and his appointed attorney were present at the hearing. Considering the evidence adduced, the trial court affirmed Hearing Officer Sullivan’s- ruling and declared that the acknowledgment was null and that paternity had never been established, The rule for support was dismissed, the interim order was vacated and the amount due thereunder was cancelled. The trial court suggested that DCFS must begin the process anew in its effort to establish paternity.
■ DCFS filed a motion for new trial on June 16, 2014, claiming that a new trial was necessary because, under La. R.S. 9:406, Defendant was required to take legal action in a timely fashion to annul the acknowledgment of paternity, and he had failed to file any pleadings whatsoever to effect that change. It asserted that the trial court lacked subject matter jurisdiction as the issue of paternity should have been brought in an ordinary proceeding and was not properly before the court. laFurther, DCFS claimed that the trial court failed to order DNA testing, as was proper under La. R.S. 9:406(B)(2), asserting that, if the court found that an error existed based on evidence of fraud, duress or a material mistake of fact, or that the person who executed the authentic act of acknowledgment was not the biological fa *734 ther, then, and only then, should the court order genetic testing under La. R.S. 9:396.
The trial court denied the motion for new trial, and DCFS filed a motion for appeal.'

ARGUMENT

DCFS argues that the hearing officer and the trial court erred in not applying La. R.S. 9:406(B)(2) regarding the ordering of DNA testing. It claims that, when an alleged father signs an acknowledgment of paternity at the hospital, he has 60 days within which to revoke that acknowledgment. Once those 60 days elapse, the alleged father has 2 years from the date of signing to revoke the acknowledgment of paternity. In this case, the child was born in 2009, and the child support proceeding was not instigated until 2013, long past the date by which Defendant should have sought to revoke the acknowledgment if he planned on doing so.
DCFS objects to the procedure used in the trial court to nullify the acknowledgment and claims that, under La. R.S. 9:406(B)(2), the acknowledgment shall be revoked only upon proof by clear and convincing evidence that the act was induced by fraud, duress, material mistake of fact or error. Based upon the evidence presented at the hearing, if the trial court finds that there is substantial likelihood that fraud, duress, material mistake |4of fact or error existed in the execution of the act or that the person who executed the authentic act of acknowledgment is not the biological father, then, and only then, shall the court order genetic tests pursuant to La. R.S. 9:396.
DCFS also argues that Defendant, who had apparently formerly acknowledged paternity, was allowed to negate his responsibility to the child without actually filing a proceeding by ordinary process. It claims that, despite Defendant’s willingness to undergo DNA testing, which it claims he would have to pay for directly, neither the hearing officer nor the trial court ordered the tests to be performed. DCFS contends that, once an in-hospital acknowledgment of paternity has been offered, or the birth certificate lists the noncustodial parent as the father of the child, DCFS could not request DNA testing.
DCFS further claims that it has no options, it cannot complete DNA testing and it is unable to proceed with other actions for support. It argues that Defendant’s name remains on the child’s birth certificate, but the trial court’s ruling that the acknowledgment is a nullity has caused the child support to be terminated, and no paternity or support action can proceed.
DCFS contends that this court should reverse the finding of the trial court and order Defendant to file an action to annul the acknowledgment so that a DNA test can be ordered by the trial court at Defendant’s expense. It also seeks a ruling that the previous order of child support be made permanent until such time as Defendant files a petition to revoke the | ^acknowledgment of paternity and DNA testing proves he is not the father of DZP.[2]
La. R.S. 9:406(B)(2), which concerns revocation of authentic acts, states as follows:
B. (1) If the notarial act of acknowledgment has not been revoked within sixty days in accordance with the provisions of Subsection A of this Section, a person who executed an authentic act of acknowledgment may petition the court to revoke such acknowledgment only upon proof, by clear and convincing evidence, that such act was induced by fraud, duress, material mistake of fact or *735 error, or that the person is not the biological parent of the child.
(2) The mover shall institute the proceeding by ordinary process, within a two-year period commencing with the execution of the authentic act of acknowledgment of paternity, in a court of competent jurisdiction upon notice to the other party who executed the notarial act of acknowledgment and other necessary parties including the office of children and family services, child support enforcement section of the Department of Children and Family Services. If the court finds based upon the evidence presented at the hearing that there is substantial likelihood that fraud, duress, material mistake of fact or error existed in the execution of the act or that the person who executed the authentic act of acknowledgment is not the biological father, then, and only then, the court shall order genetic tests pursuant to R.S. 9:896. Nothing herein shall preclude the mover from presenting any other evidence as a substitute for the genetic tests if it is not possible to conduct such tests.
While the statute above dictates the procedure to be followed for a petitioner to contest the authenticity of an acknowledgment, in this case, the DCFS instituted the action to initiate and enforce child support. When the matter came up for healing, Defendant raised the nullity of the acknowledgment as a defense and produced evidence in the form of his testimony and that of CH that he was not present when the acknowledgment |fiwas signed at the hospital. Instead, someone who had been given Defendant’s driver’s license signed the document in his place. Upon that evidence, the trial court affirmed the hearing officer’s determination that the acknowledgment was absolutely null and that paternity had not been proven, stating there would be no point in Defendant having to bring an ordinary proceeding, with all its attendant costs, for the same result to be reached. We find no error in the trial court’s ruling declaring the acknowledgment to be absolutely null and that paternity had not been proven. We further find that the judgment vacating the interim order of child support was proper since it was based on the acknowledgment which was declared to be absolutely null.
Notwithstanding the above, DCFS has a right to pursue Defendant in its efforts to seek child support from him for DZP. The authority for seeking such support is found in La. R.S. 46:236.1.2(D)(1), which gives DCFS the right to take direct civil action, including actions to establish filiation against an alleged biological parent, for the purpose of fulfilling its responsibility under the law. These proceedings are not “ancillary to or dependent upon any other legal proceeding.” La. R.S. 46:236.1.2(D)(1).
Also pertinent to this discussion is La. R.S. 40:34(E),[3] which concerns vital records forms, the procedure to be followed when a child is born out of wedlock and presumptions of paternity. La. R.S. 40:34(E)(1) states that, if a child is born outside of marriage and the father is known to 17the mother, she shall complete and sign a paternity information form issued by the Vital Records Registry. If the natural father has not executed an acknowledgment of paternity, the mother shall sign as the informant, unless she is medically unable or mentally incompetent, in which case her guardian or legal representative shall sign. After completion of the form naming the father, DCFS serves *736 notice on the alleged father (1) that he has been named the father of the child, (2) that he can request that paternity blood tests be conducted and (3) that he can sign an acknowledgment of paternity. La. R.S. 40:34(E)(3) states that the alleged father has 90 days to contest the allegation that he is the father, which can be accomplished by advising the department in writing. If the alleged father fails to contest the allegation in writing within 90 days, he shall be presumed to be the father of the child, for support purposes only, and the agency or the custodial parent can use this presumption in an action to seek a support order. La. R.S. 40:34(E)(4) states that, if the alleged father contests paternity at the hearing for support, the court may order blood tests.
In the case sub judice, as with any other case in which DCFS attempts to establish paternity and child support, DCFS can still institute an action to establish child support for DZP, despite the fact that the acknowledgment has been declared absolutely null. Under La. R.S. 40:34(E), Defendant is presumed to be the father of DZP because a birth certificate was issued naming him as the father. Defendant has requested that DNA testing be performed, which is his right as the presumed father of the child. DCFS has | Ralso requested that DNA testing be performed. For these reasons, we remand this matter for further proceedings consistent with this opinion.
Since this action was instituted by DCFS and would have proceeded as a child support action had it not been erroneously dismissed in its entirely, we find that DCFS should proceed as usual to establish Defendant’s paternity of DZP and his possible child support obligation in accordance with La. R.S. 40:34(E)(5).

CONCLUSION

For the foregoing reasons, the judgment of the trial court in favor of Defendant Domonick L. Price declaring the acknowledgment absolutely null, declaring that Defendant’s paternity has never been established and vacating the interim order of child support is affirmed. Further, this matter is hereby remanded to the trial court for further proceedings consistent with this opinion to establish Defendant’s paternity of, and his possible child support obligation to, the minor child DZP. Costs of this appeal in the amount of $601 are assessed to the Department of Children and Family Services.[4]
AFFIRMED IN PART AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

. The initials of the child and the child’s mother are used to protect the identity of the minor child. Uniform Rules-Courts of Appeal, Rules 5-1, 5-2.

. No other parties filed briefs in this matter.

. This Act is declared to be remedial and curative and, therefore, is to be applied retroactively to October 24, 2005, as well as prospectively.

. DCFS has already paid $106 for transcripts. The cost to prepare the appellate record is $477.50 and the appellate filing fee is $123.50.